**In re CAROLINE DESERT DISCO INC., Debtor.**

**Bankruptcy No. SB80–00929 DN.**

United States Bankruptcy Court, C. D. California.

July 9, 1980.

James T. Eichstaedt, U. S. Trustee, Joseph C. Karol, Asst. U. S. Trustee, William H. Brownstein, Bankruptcy Atty., Los Angeles, Cal., McIntosh & Guralnick, A Professional Law Corp., Wayne S. Guralnick, Palm Desert, Cal., for Harold C. Fitzpatrick, a secured creditor.

Andrew Rogers, Palm Springs, Cal., for respondent debtor.

## MEMORANDUM OF DECISION

DAVID N. NAUGLE, Bankruptcy Judge.

On July 8, 1980, the joint motion of James T. Eichstaedt, United States Trustee, and Harold C. Fitzpatrick, a secured creditor, came on for hearing on shortened notice, which I have determined to be adequate, to the Debtor and Debtor-in-Possession Caroline Desert Disco Inc. William Brownstein, Esq., appeared for the United States Trustee, and Wayne Guralnick, Esq., appeared for Mr. Fitzpatrick. Andrew Rogers, Esq., the President of and attorney for the corporate debtor, appeared for Caroline Desert Disco Inc.

I find that the Debtor has failed to comply substantially with the Local Rules of this Court concerning controls of disbursements and reports required during operation of business (Local Rules 918 and 919).

I further find that the Debtor has failed to maintain necessary casualty, public liability and workmen's compensation insurance coverage. I further find that there is a substantial risk of diminution to the estate from the electrical shut off, roof repair failure, and insufficiency of maintenance and security at the premises commonly known as 2080 North Palm Canyon Drive, Palm Springs, California.

Had this case arisen under the old Bankruptcy Act, I would have appointed a Chapter XI receiver immediately based on the lack of realistic financing; the evident unfamiliarity and lack of compliance with court requirements for schedules insurance, reports and operating controls; and difficulties in reaching Mr. Rogers. The U.S. Trustee for this District has a mammoth responsibility in trying to administer bankruptcy cases, especially operating Chapter 11 cases, during the current period of economic dislocation. To the extent that any other Debtors may question whether they must cooperate with the U.S. Trustee and comply with his and the Court's rules for administration, this decision should be a tocsin.

Pursuant to 11 U.S.C. § 151104, I have found that appointment of a Trustee is in the interests of creditors in that the estate will be better preserved and administered thereby. I further find that the current management's failure to comply with the Court's rules on insurance, operating controls, and reports to the U.S. Trustee constitutes incompetence or gross mismanagement, justifying on alternate grounds appointment of a Trustee.

The U.S. Trustee shall appoint a trustee in this Chapter 11 case.