**In re SEA QUEEN KONTARATOS LINES, LTD., Debtor.**

**Bankruptcy No. 180–00269.**
**C180–0135.**

United States Bankruptcy Court,
D. Maine.

April 9, 1981.

Richard E. Poulos, Portland, Me., for debtor.

Thomas M. Brown, Eaton, Peabody, Bradford & Beague, Bangor, Me., for CIT Corp.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

CIT Corporation [CIT] requests the appointment of a chapter 11 trustee to replace present management, predicating its motion on the grounds that the debtor in possession contravened Local Rule 2007(b)(3)[1] and disregarded sound business practices by dispatching the Sea Queen IV, a charter vessel leased by the debtor subject to a CIT first preferred ship mortgage, to Florida for winter cruise operations. CIT insists that these actions have impaired its collateral.

Prior to these chapter 11 proceedings, the debtor operated the Sea Queen IV as a commercial vessel for hire between Portland and Boothbay Harbor, Maine. With the onset of winter and without court approval, the Sea Queen IV was dispatched to Florida. Local Rule 2007(b)(3) requires court authorization before a debtor in possession may operate its business or dispose of its property other than in the ordinary course of business. CIT contends that the debtor in possession is guilty of gross mismanagement as evidenced by the alleged violation of Local Rule 2007(b)(3) and unspecified damages said to have been sustained by the vessel on its voyage south. CIT further maintains that the increased navigational risks posed by operations along the Florida coast support the view that it would better serve the interests of creditors and other interests of the estate were the court to appoint a chapter 11 trustee.

There is a strong presumption that a reorganization debtor may continue to operate its business. *In re Garland Corp.*, 6 B.R.

---

1. Local Rule 2007(b)(3) provides:

    (3) Except as provided by subdivision (c) of this rule, after entry of the order for relief and until the court otherwise directs, the debtor in possession shall not operate the business of the debtor, nor sell, lease or oth-erwise use or dispose of property of the estate or of the debtor, except in the ordinary course and in compliance with all applicable provisions of the Bankruptcy Code.
Bankruptcy Rule 2007(b)(3), District of Maine.

456, 3 C.B.C.2d 24, 28 (D.Mass. B.A.P.1980); *In re LaSherne, Inc.*, 3 B.R. 169, 1 C.B.C.2d 685, 692 (Bkrtcy.E.D.Pa.1980). See Bankruptcy Code §§ 1106, 1107, 1108 & 363(c)(1), 11 U.S.C. §§ 1106, 1107, 1108 & 363(c)(1). It is reasonable to expect that not every business decision of a reorganization debtor will reflect exemplary business acumen, see 5 *Collier on Bankruptcy* ¶ 1104.01[7][c] (15th ed. 1980), at 1104–20, it being the exceptional reorganization case that does not come into this court at least in part because of some imperfect managerial decisionmaking.

At or about the time of the order for chapter 1 relief the debtor was engaged in operating the Sea Queen IV for hire along the Maine coast. It was a judgment to be made in the ordinary course of business whether to suspend operations along the Maine coast during winter, and, if so, whether to berth the vessel until spring or operate elsewhere. The evidence establishes that the worst decision the debtor in possession could have made would have been to berth the Sea Queen IV for the winter, not only because all revenues would thereupon cease, but because of the expense required to prepare the vessel for a resumption of operations in the spring.

CIT confuses its own self interest[2] with the interests of the estate and creditors generally, the appropriate standards for application under Bankruptcy Code §§ 1104(a)(2) & 151104(a)(2). The interests of creditors and the interests of the estate were well served by the decision to commit the Sea Queen IV to winter operations along the Florida coast, rather than along the Maine coast, for climatic reasons which should require no elaboration. In these circumstances it would have been strongly indicative (if not conclusive evidence) of incompetence and gross mismanagement on the part of the debtor in possession not to have done so.

■ CIT has failed to provide the proof required to permit, much less mandate, ouster of the debtor from possession and appointment of a trustee. Uncontroverted

evidence establishes that the Sea Queen IV is adequately insured and is operating in waters less hazardous than those along the Maine coast; that the vessel is in at least as good condition and repair as it was while operating in Maine waters; that its winter operations have generated substantial revenues not otherwise available; and that the profitability of the Florida operations continues to improve.

The operation of coastal cruises along the Florida coast during the winter is well within the ordinary course of the business of a debtor engaged in summer cruises along the Maine coast. Absent a local rule violation, there is no showing of gross mismanagement *per se*. Cf. *In re Caroline Desert Disco, Inc.*, 5 B.R. 536, 2 C.B.C.2d 1133 (Bkrtcy.C.D.Calif.1980) [local rule violation constitutes gross mismanagement].

The evidence demonstrates no incompetence, gross mismanagement, or other cause for the appointment of a trustee. CIT failed to offer evidence substantiating its allegations that the Sea Queen IV was seriously damaged or endangered either in its voyage south or during the course of its Florida operations. Whatever incidental damage or risks were incurred were not due to any incompetence or mismanagement on the part of the debtor in possession, but to normal navigational hazards.

Self interest has narrowed the focus of CIT, obscuring the many advantages accruing to creditors generally and to the estate as a result of the decision to operate in Florida during the winter months. The court must take into account the benefits of the Florida operations in determining whether CIT had demonstrated sufficient cause or otherwise substantiated its demand for the appointment of a trustee. Accord, *In re Hotel Associates, Inc.*, 3 B.R. 343, 1 C.B.C.2d 733, 735 (Bkrtcy.E.D.Pa.B.J.1980). See *In re Garland*, 6 B.R. 456, 3 C.B.C.2d 24, 28 (D.Mass.B.A.P.1980). It has not.

The motion for the appointment of a trustee must be denied. Enter order; costs to prevailing party.

---

**2.** The provision of adequate protection of the interest of CIT in the Sea Queen IV is the function of Bankruptcy Code §§ 361–364, 11 U.S.C. §§ 361–364 (1979).