In re HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership "The Drake", Debtors.

HOTEL ASSOCIATES, INC. et al., Plaintiffs,

v.

The TRUSTEES OF CENTRAL STATES SE AND SW AREAS PENSION FUND

and

Central Penn National Bank

and

Williard, Inc.

and

Commonwealth of Pennsylvania, Department of Revenue, Bureau of Accounts Settlements

and

Unemployment Compensation Fund, Defendants.

Bankruptcy No. 79–02203K.
Adversary No. 79–0020K.

United States Bankruptcy Court, E. D. Pennsylvania.

April 3, 1980.

See also, Bkrtcy., 3 B.R. 340.

Pace Reich, Philadelphia, Pa., for debtor.

344

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., Stephen Karotkin, Harvey R. Miller, New York City, for Trustees of the Central States, SE and SW Areas Pension Fund, etc.

Marc J. Sonnenfeld, John P. Kopesky, Philadelphia, Pa., for Williard, Inc.

Robert A. Kargen, Philadelphia, Pa., for Central Penn Nat. Bank.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Motion of The Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Fund") for an order appointing a trustee pursuant to § 1104 of the Bankruptcy Reform Act, 11 U.S.C. § 1104 (1978). The debtor, Hotel Associates, Inc., has answered and moves to dismiss the Fund's Motion.

Because the appointment of a trustee is in the best interests of the creditors, the Motion for an Order Appointing a Trustee will be granted.

The hearing on the said Motion was completed on February 4, 1980, and the Court now makes the following findings of fact and conclusions of law.

Pursuant to a loan agreement dated March 25, 1976, the Fund loaned and advanced to the debtor, the sum of $4,200,000. The loan and advance are evidenced by a promissory note and payment is secured by a mortgage lien covering, *inter alia*, certain real property located in the City of Philadelphia and the building known as The Drake Hotel. In August of 1976, the debtor defaulted with respect to its obligation to the Fund. Several months later, the Fund sought and obtained a judgment by confession against the debtor and a sheriff's sale of the property was scheduled.

Shortly before the scheduled sale, the debtor filed with this court, a petition for real property arrangement under former Chapter XII. As a result, the Fund was stayed from any further foreclosure action.

For a period of twenty (20) months The Drake Hotel was unable to secure financing. Finally, the Fund's Motion for an Order Dismissing the Chapter XII was granted by this court on April 15, 1979.

Some months later, the Fund, pursuant to the terms of the mortgage, took possession of the hotel as mortgagee in possession and hired a professional management service to operate the property.

The Fund again proceeded with its state court foreclosure action but was stayed by order of the Philadelphia Common Pleas Court. The basis for the stay was the debtor's representations to the court that it could sell enough condominium units to pay the indebtedness owing to the Fund within nine (9) months. Such payments were not forthcoming and the State Court vacated the stay.

The Fund, for the third time, attempted to foreclose but was again stayed by the debtor's filing of the present Chapter 11 petition.

Section 1104 of the Bankruptcy Reform Act, 11 U.S.C. § 1104, governs the appointment of a trustee in a Chapter 11 case. Section 1104 provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

Because both the House Report[1] and the Senate Report[2] dealt with versions of Section 1104(a) that were not enacted into law, there is very little relevant legislative history on the section. Section 1104(a) as enacted, is a compromise between the Senate and the House version and opts for a "flexible standard for appointment of trustees." *In re Parr*, 1 B.R. 453, 5 B.C.D. 1143 (E.D.N.Y. 1979); 5 Collier on Bankruptcy (15th ed. 1979) 1104.01 at 1104–15.

In determining whether the appointment of a trustee is in the best interest of creditors, a bankruptcy court must necessarily resort to its broad equity powers. In equity, as no where else, courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests. *Lemon v. Kurtzman*, 411 U.S. 192, 200–201, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973); *In re Parr*, supra. Moreover, equitable remedies are a special blend of what is necessary, what is fair and what is workable. *Id.*

The testimony at trial disclosed that shortly after the time the Fund became mortgagee-in-possession, it engaged Laventhol and Horwath, an independent accounting firm to conduct an audit examination of the financial statements of the Drake Hotel. Based on the information available, Laventhol and Horwath concluded that the accounting system was totally inadequate to appropriately reflect the financial condition of the debtor. [N.T. 74]. Original records were not available to substantiate entries and the condition of the books and records were such that they were not conducive to the performance of an audit in accordance with generally accepted auditing principles. [N.T. 73–75].

The evidence also revealed that prior to the time the Fund became mortgagee-in-possession, the debtor did not maintain at The Drake Hotel the minimum operating procedures and controls which are absolutely essential to an adequate hotel operation. [N.T. 119–120].

Just recently, the debtor has filed a Proposed Plan of Reorganization with this court. The plan proposes the formation of a new corporation which will be owned by the current debtors. The plan will be funded by the sale of condominiums at the Drake Hotel, and will be consummated upon settlement of $8,000,000. of condominium sales.

The plan will be deemed aborted if the brokers have not secured executed agreements of sale equal to $4,000,000. within six (6) months or if sale agreements totalling $8,000,000. are not secured within twelve (12) months. The court is not impressed by the debtor's timetable nor by the plan's likelihood of success.

Pursuant to Section 1121 of the new Act, 11 U.S.C. § 1121, if a trustee is appointed, any party in interest can propose a chapter 11 plan. Accordingly, because the only chance for the unsecured creditors of the debtor to receive any payment on their claims is a successful reorganization and because the present plan does not appear to be the panacea that all had hoped for, there is a need for the proposal of a plan by a person other than the debtor and such a need is a justification for the appointment of a trustee under Section 1104(a)(2). *See* King, *Chapter 11 of the 1978 Bankruptcy Code*, 53 Am.Bankr.L.J. 107, 116 (1979).

This court is aware that resort to the appointment of a trustee may be an extraordinary remedy and an additional financial burden to a hard pressed debtor seeking relief under Chapter 11.

However, due to the failure of the debtor to keep adequate books and records, to properly maintain the hotel while it was within its control and in order to open the possibility of other plans being presented, the appointment of a trustee is clearly in the interests of creditors. Although it is a

---

1. House Report No. 95–595, 95th Cong., 1st Sess. (1977), U.S. Code Cong. & Admin. News 1978, p. 5787

2. Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978), U.S. Code Cong. & Admin. News 1978, p. 5787

possibility that the debtor might be able to effect reorganization under Chapter 11 with the present plan, it is *essential* at this time to have an independent third party investigate the situation and report to the court whether or not the debtor may be successfully reorganized. Moreover, the trustee does not oust the debtor from possession. That already occurred in July of 1979 when the mortgagee took possession. The debtor may, in fact, benefit by having a court-appointed fiduciary supervise its operations. The trustee will seek to benefit all the creditors and will bring a refreshing air of objectivity and impartiality to a business which has been operated by and for the benefit of its primary creditor.

The trustee will have full power and authority to investigate the conduct and affairs of the debtor and determine the extent of the assets of the estate and the financial condition of the debtor. Questions regarding the inadequacy of debtor's books and records and the commingling of assets of the debtor with those of affiliated companies could be explored. [N.T. 77–78, 149–150]. The trustee could also investigate the business operation and the desirability of its continuance. 11 U.S.C. § 1106(a)(3).

Accordingly, having considered the relevant equitable concepts and the best interests of creditors, the Motion of the Fund for an Order Appointing a Trustee is granted.