**In re George E. EICHORN, Debtor.**

**Bankruptcy No. 80–161–JG.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 8, 1980.

Bertin C. Emmons, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for Hancock Bank & Trust Co.

Frank A. Crosson, Richmond, Rosen, Crosson & Resnek, Boston, Mass., for debtor.

## MEMORANDUM AND ORDER REGARDING THE APPLICATION FOR THE APPOINTMENT OF TRUSTEE

JAMES N. GABRIEL, Bankruptcy Judge.

The instant proceeding is for the appointment of a trustee pursuant to the provisions of 11 U.S.C. Section 1104.

On February 4, 1980, George E. Eichorn (Eichorn), an individual in the business of real estate development and ownership, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On February 8, 1980, Hancock Bank and Trust Co. (Hancock), a creditor allegedly secured by junior mortgages on two parcels of real estate owned by the debtor, filed an application for the appointment of a trustee. That application was withdrawn in open court before the scheduled hearing thereon, during a preliminary hearing under Section 362 in which Hancock sought relief from the provisions of the automatic stay and by stipulation was provided adequate protection.

A second application to appoint a trustee was filed by Hancock on July 30, 1980 and was heard by this court on August 13, 1980. At the time of said hearing, proposed reorganization plans had been filed by the creditors' committee and by the debtor.

Under section 1104 of the Code, the court may order the appointment of a trustee:

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the

commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if, such appointment is in the best interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

Both the House and Senate Reports[1] dealt with versions of Section 1104(a) which were not enacted.

· The language in H.R. 8200 regarding the appointment of a trustee was permissive, leaving any appointment of a trustee within the court's discretion. Section 1104(a) of H.R. 8200, 94th Congress, 2nd Session (1978). The Senate version, however, provided for the mandatory appointment of a trustee if the case involved a public company. Section 1104(a)(2) of S.2266 at 114–115, 95th Congress, 2d Session (1978).

■ As enacted, section 1104 is a compromise providing for a flexible standard for the appointment of a trustee. *In re Hotel Associates, Inc.*, 3 B.R. 343, 6 B.C.D. 160 (E.D.Pa.1980); *In re Parr*, 1 B.R. 453, 5 B.C.D. 1143 (E.D.N.Y.1979). See generally: *Collier on Bankruptcy*, Paragraph 1104.01 (15th ed. 1979) at 1104–15.

■ Under the Bankruptcy Code (11 U.S.C., Chapter 11), the presumption is that the debtor will remain in possession and continue to manage his affairs. Consistent with this presumption is that neither the filing for relief, nor the debtor's insolvency, nor a showing of imprudent business decisions by the debtor are conclusive of the debtor's lack of integrity or his inability to superintend the reorganization. *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 6 B.C.D. 495 (E.D.N.Y.1980); *In re La Sherene, Inc.*, 3 B.R. 169, 6 B.C.D. 153 (N.D.Ga. 1980).

■ Subsection (a)(1) is specific and reflects the criteria which mandates the appointment of a trustee for cause—including fraud, dishonesty, incompetence or gross mismanagement. Under this subsection the court's discretionary powers are circumscribed and are limited to a judicial determination of whether "cause," as defined, exists. *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 6 B.C.D. 495 (E.D.N.Y.1980); *In re La Sherene, Inc.*, 3 B.R. 169, 6 B.C.D. 153 (N.D.Ga.1980).

■ No evidence was presented at the hearing which would support a finding of cause to appoint a trustee.

Plaintiff introduced into evidence two of the debtor's financial reports as follows—Expenditures for June, 1980; Income for July, 1980. The court is at a loss as to the comparisons expected to be made or the conclusions to be drawn from these inconsistent documents. However, this court finds as an overview, taking judicial notice of all the financial statements submitted by the debtor during the course of this chapter 11 proceeding, that while capital expenditures continued to be necessary to complete buildings and locate tenants, the real estate was unable to carry its debt service.

This court further finds that no challenge has been made to the accuracy of the debtors books and records, and the court has found no discrepancies. The disbursements made by the debtor are reasonable and necessary to operate the properties of the estate—including those capital expenditures for the completion of the Multi–Service Center at 1629 Central Street, Stoughton, Massachusetts.

■ No evidence of fraud, dishonesty or gross mismanagement by the debtor of his affairs was presented. Mr. Eichorn has received no salary from his business operations for approximately two and one–half years and the bank has introduced no evidence that any other party could have performed better or more cheaply. The fact that the debtor is currently unable to meet his financial commitments while he retains

---

1. *House Report No. 95–595*, 95th Congress, 1st Session (1977); *Senate Report No. 95–989*, 2nd Session (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

management of his property, alone, is insufficient to have this court appoint a trustee for cause.

Congress, however, has given the Bankruptcy Court the flexibility under Section 1104, subsection (a)(2), to allow the court to utilize its broad equity powers in determining whether the appointment of a trustee would be in the best interests of creditors, equity security holders and other interests of the estate. *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 6 B.C.D. 495 (E.D.N.Y.1980); *In re Hotel Associates, Inc.*, 3 B.R. 343, 6 B.C.D. 160 (E.D.Pa.1980).

In the case at bar the court can find no rationale for appointing a trustee under subsection (a)(2). Taking into consideration the substantial costs and expenses attendant to such an appointment, it appears that a trustee might preclude an effective reorganization of this debtor. The court is buttressed in its view by the representation of counsel for the creditors' committee during oral argument, that neither the creditors' committee Plan of Arrangement nor that of the debtor is so opulent that it could withstand further administrative costs and still have available funds for distribution to the unsecured creditors.

It does not appear that the appointment of a trustee in this case is appropriate. Neither the creditors' committee nor the United States Trustee has supported this application. Furthermore, it is highly unlikely that a successful reorganization could ensue with the added financial burden to this estate which would result from such an appointment.

This court finds no cause to appoint a trustee under Section 1104(a)(1), nor would such an appointment be in the best interests of the parties as mandated by Section 1104(a)(2). Consistent with the findings herein, the application of Hancock Bank and Trust Company for the appointment of a trustee is denied.