In the Matter of James Richard ELLIOTT d/b/a Richard Elliott & Son Contractor, Debtor.

Bankruptcy No. 80–01696–SW–11.

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Aug. 3, 1981.

F. Bennett Lilley, Springfield, Mo., for debtor.

by Edwin Ronwin, Esquire. The other $45 is claimed by Michael Murphy, Esquire, local counsel.

## ORDER CONVERTING CHAPTER 11 PROCEEDINGS TO CHAPTER 7 PROCEEDINGS AND APPOINTING JAMES F. B. DANIELS, ESQUIRE, AS THE INTERIM TRUSTEE

DENNIS J. STEWART, Bankruptcy Judge.

This matter came on for hearing on July 31, 1981, in Joplin, Missouri, to consider whether these chapter 11 proceedings should be dismissed or converted to straight liquidation proceedings under chapter 7 of the Bankruptcy Code. The debtor appeared personally and by his counsel, F. Bennett Lilley, Esquire. General Motors Acceptance Corporation appeared by its counsel, James R. Fossard, Esquire. And the Lawrence County Bank appeared by counsel, Jill Witter. The material evidence on the issue before the court was produced through the testimony of the debtor James R. Elliott himself to the effect that, in recent months, his monthly expenses have exceeded his monthly income; that he has not yet made any distribution of any value at all to the creditors who are affected by his plan of reorganization; that he has sold one of his vehicles for a sale price in excess of $1,300.00, but did not report the sale either to the court or to his attorney, and did not distribute the proceeds of the sale to any creditor according to the terms of the plan of reorganization but rather placed it in a "sinking fund" from which he later withdrew it to pay certain of his expenses; that he receives his pay for occasional work in cash; that the prospects currently for his occupational recovery are not great because of the general depression in the building industries and trades; that, under his liquidating plan of reorganization, it was contemplated that he would be given a year and a half in which to liquidate his property and distribute its proceeds to creditors according to the plan of reorganization; that he has had one offer of $36,000.00 for his real property from a person who had neither the cash nor financing to back up his offer; that the same offeror stated that he would try again to purchase the property this fall; and that his monthly expenses are greater than his income.

Based on these facts, General Motors Acceptance Corporation and the Lawrence County Bank request dismissal of these proceedings or their conversion to straight liquidation. The debtor resists these requests, denying that his actions constitute any cause for dismissal or conversion and asserting that his property can more likely be sold for more if he is granted the full year and one-half initially contemplated for sale of the property while he meantime serves as its caretaker.

The debtor, however, has evinced a tendency not to comply with his plan of reorganization. As noted above, he has already sold part of his property, namely the pickup truck, and has declined to distribute the proceeds of the sale in accordance with the terms of the plan of reorganization, but rather has appropriated those proceeds to his own use. Further, in electing to receive his income only on a cash basis, he has made it impossible for the court to determine whether his disclaimers of any significant income are true and correct. And there are no facts from which the court could reasonably determine that the single potential buyer who has thus far been produced by the debtor's efforts will be any more able to purchase the real property for a reasonable price this fall than he has been in the past. In the meantime, the debtor's continuing to build up expenses which his income cannot match promises to create a new class of creditors which the debtor will, as long as he is permitted to administer the plan personally, favor at the expense of those who are held at bay by these chapter 11 proceedings. These considerations outweigh by far any benefit which may come from the debtor's remaining as a caretaker of the premises while an "enforced" sale is attempted. They amount to delay prejudicial to creditors within the meaning of § 1112(b)(3) of the Code warranting dismissal or conversion of this chapter 11 case.

The court finds it to be in the interest of creditors to convert this case to a chapter 7 case rather than dismiss it. This will ensure that the validity and perfection of the

putative security interests and the balances due on them are verified before property is let to pass into the hands of the unsecured creditors.

It is therefore

ORDERED that these chapter 11 proceedings be, and they are hereby, converted to chapter 7 proceedings. It is further

ORDERED that James F. B. Daniels, Esquire, be, and he is hereby, appointed as the interim trustee.