### In re HORN & HARDART BAKING COMPANY, Debtor.

#### Bankruptcy No. 81–03552K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 23, 1982.

Gerald J. McConomy, Myron A. Bloom, Philadelphia, Pa., for debtor.

Marvin Krasny, Philadelphia, Pa., for Official Creditors' Committee.

Maurice Baehr, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for the appointment of a trustee brought by the creditors' committee in the Chapter 11 case. The committee contends that a trustee is necessary to protect the estate from the incompetence and mismanagement exhibited by the present corporate officers. The debtor (hereinafter referred to as H & H) resists the appointment of a trustee and contends that management has not been guilty of the misfeasance asserted by the committee. Hearing was duly held on April 29, 1982. Testimony was taken and briefs were submitted by counsel. The Court finds that the appointment of a trustee is necessary to protect the interests of the creditors.[1]

The facts of the case at bar are both lengthy and confusing. The Horn and Hardart Baking Company has been in business in Philadelphia since the late nineteenth century. In the early 1970's, H & H successfully underwent reorganization pursuant to Chapter XI of the Bankruptcy Act. In 1971, the debtor operated at twenty-two (22) locations.[2] The company was able to operate at a profit from 1971 through 1978. In 1979, however, H & H lost approximately

$250,000.[3] In 1980, the operating losses were approximately $570,000; and, in 1981, the losses reached $600,000.[4]

The instant petition for relief under Chapter 11 of the Bankruptcy Code was filed on September 3, 1981. The president of H & H since 1973, C. Thomas Gibbons, is involved in the active management of the company. All policy decisions are made by the Board of Directors.

Presently, the debtor only retains seven (7) locations. These are:

a. 1023 Chestnut Street, Philadelphia, PA;

b. 730 Market Street, Philadelphia, PA;

c. 1535 Chestnut Street, Philadelphia, PA;

d. Broad & Walnut Streets, Philadelphia, PA;

e. Cottman & Large Streets, Philadelphia, PA;

f. Bala Cynwyd, PA; and

g. 30th Street Station, Philadelphia, PA (a retail store operation only)

Since the filing of the petition, the debtor has closed the 730 Market Street and 1023 Chestnut Street locations. The debtor does not own any of these locations outright. All of the premises are leased on long-term arrangements.

A plan of reorganization has been filed by the debtor. H & H proposes to sell four (4) of these leases and remain in operation at only three (3) locations. Under the plan, the unsecured creditors will receive only ten (10) cents on the dollar. The creditors' committee is, not surprisingly, opposed to this plan.

The committee asserts that the present executives of H & H have mismanaged the company both before and after the filing of the petition.[5] It is further alleged that the

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Notes of Testimony, p. 7.

3. Notes of Testimony, p. 26.

4. Notes of Testimony, p. 26.

5. Bankruptcy Code 11 U.S.C. § 1104 provides in relevant part . . .

   (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

officers of the company have failed to maintain necessary records and operating reports.

Under § 1107 of the Bankruptcy Code, a debtor-in-possession has all of the obligations of a trustee.[6] The legislative history of this provision emphasizes this responsibility by stating that:

> This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations and conditions as the court prescribes.

> House Report No. 95–595, 95th Cong., 1st Sess. (1977) 404, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6360.

One of these duties is that the trustee must file periodic reports and summaries of the operation of the debtor's business, including a statement of receipts and disbursements, and such further information as the Court

may require.[7] The debtor-in-possession, therefore, must maintain and file records and operating reports.

The Rules of Bankruptcy Procedure also require the filing of records by a trustee or debtor-in-possession and set forth appropriate procedure. Rule 218(4), made applicable to chapter 11 cases by Rule 11–30, requires the trustee to file regular reports.[8] Rule 11–30 further clarifies this obligation by stating that:

> ... the written report of the financial condition of the estate shall be made by the ... debtor in possession within a month after the filing of a petition commencing a Chapter XI (11) case and every month thereafter, ...

Bankruptcy Rule 11–30. In addition, the Bankruptcy Court for this district has enacted, Local Rule XI–4 which requires the filing of monthly operating statements.[9]

The committee contends that the debtor's performance of the obligation to file monthly operating statements has been sporadic and incomplete. As of the date of the hearing, eight (8) months after the filing of

---

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

6. 11 U.S.C. § 1107(a) provides in relevant part
   . . .
   (a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

7. Section 1106(a)(1) of the Code requires the trustee to perform several duties of a trustee in a chapter 7 case. 11 U.S.C. § 1106(a)(1). One of these functions is the duties specified in

§ 704(7) of the Code. This section provides, in relevant part:

> The trustee shall—
> (7) if the business of the debtor is authorized to be operated, file with the court and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the court requires; ...

It is unnecessary to obtain court authorization to operate a business in Chapter 11. 11 U.S.C. §§ 1107, 1108.

8. Although the Rules of Bankruptcy Procedure were promulgated under the Bankruptcy Act of 1898, they remain in effect under the Code. Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 405(d), 92 Stat. 2685 (1978).

9. Local Rule XI–4 provides that:
   > Unless otherwise ordered, every receiver, trustee or debtor-in-possession, authorized to operate the business, shall file with the referee, in duplicate, not later than the 15th of each month, a verified report which shall set forth a summary of the operations of the business during the preceding month.

the petition, only four (4) statements had been filed. The Court can only find that the debtor has poorly fulfilled the responsibilities imposed by the Bankruptcy Code and Rules.

The statements, those that have been filed, indicate the following balances:

a. September 4, 1981 to September 26, 1981      $174,138.00
b. September 22, 1981 to October 24, 1981      131,983.00
c. November 22, 1981 to December 19, 1981      4,662.00
d. March 14, 1982 to April 10, 1982      60,645.00

The report covering October 24, 1981 to November 2, 1981 is not before the Court. During this period, however, the debtor suffered an unexplained loss in the amount of $127,321.00. A chapter 11 Debtor cannot be allowed to incur losses and deplete whatever estate may be available for the creditors. Unexplained losses from the estate cannot continue. The creditors have every right to come forward to protect their interests.

The committee also alleged that the present management of the debtor has mishandled several transactions concerning the lease agreements. For example, H & H was offered $600,000 to sell out the remainder of the lease at the Broad and Walnut location. This offer was refused and the debtor has continued to suffer losses at this location. The debtor was also offered $300,000 for the lease at 1023 Chestnut Street. This offer was also refused and the estate is currently paying $2500 per month in rent for a store no longer in business.

In addition to the loss previously mentioned, those monthly operating statements which have been filed reflect a continuing operating loss. The debtor has failed to reverse its financial troubles since the filing of the petition. The Court is convinced that it is necessary to appoint a trustee to manage the financial affairs of the debtor.

A determination as to whether the Court should appoint a trustee compels the Court to resort to its broad equitable powers. In exercising such power "... [c]ourts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests." *Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973). *Accord, In re Hotel Associates,* 3 B.R. 343 (Bkrtcy.E.D.Pa. 1980); *affirmed,* No. 80–4444 (E.D.Pa.1981). It is true, however, that under § 1104, the court's powers are somewhat limited by the statute. *In re Anchorage Boat Sales, Inc.,* 4 B.R. 635 (Bkrtcy.E.D.N.Y.1980).

In the instant case, the Court finds that the debtor is being mismanaged. A trustee must be appointed to manage the business, protect the interest of the creditors, and to aid in formulating a plan of reorganization.