**In re MODERN OFFICE SUPPLY, INC., Debtor.**

**Bankruptcy No. 82–02515.**

United States Bankruptcy Court, W.D. Oklahoma.

April 13, 1983.

Tom A. Lucas, Oklahoma City, Okl., for Modern Office Supply, Inc.

Mack Morgan, Oklahoma City, Okl., for Liberty Nat. Bank and Trust Co. of Oklahoma City.

Jim Bellingham, Oklahoma City, Okl., for Commercial Credit Corp.

John J. Snider and John B. Heatly, Oklahoma City, Okl., for Official Creditors Committee.

MEMORANDUM DECISION
AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

This case was heard on March 29, 1983, on the motion of Liberty National Bank & Trust Company to convert this Chapter 11 proceeding to a case under Chapter 7 of the Bankruptcy Code. The Bank's motion was brought pursuant to 11 U.S.C. § 1112(b) for cause.

Modern Office Supply, Inc., filed a voluntary Chapter 11 petition on December 23, 1982. Since the filing this Court has issued several orders concerning operation of the business. These orders have included authorization for manufacturers and suppliers to ship goods directly to customers of the debtor in possession; order permitting the use of cash collateral; and an order directing all debtors and customers to pay their debts and accounts directly to Modern Office Supply, Inc. These orders were issued by the Court to effectuate the purpose of Chapter 11 of the Code in an attempt to

allow the debtor to reorganize itself and its business under the protection and guidance of the Bankruptcy Code.

However, notwithstanding these efforts, it was found in the best interest of creditors to appoint an examiner on February 15, 1983, pursuant to 11 U.S.C. § 1104(b). Shortly thereafter the examiner issued his report. This report characterized the financial condition of Modern Office Supply, Inc., as having "deteriorated substantially since December, 1980." Among the more disturbing aspects of the report were that during the 2 year period examined, funds advanced to officers, employees, and affiliates had increased from $17,400 to approximately $384,000 and during the same period the company's net worth declined some $295,000 to a deficit; indicators of weak management demonstrated by inaccurate and inconsistent financial reporting, and operation of the company without any apparent business or financial plan. It was following the examiner's report that the Bank's motion to convert was filed.[1]

It is upon this background and with consideration of the testimony of various witnesses, along with filed documents, that our decision on the motion is made.

The record indicates the debtor in possession filed its initial financial report on January 7, 1983. An interim monthly financial statement was subsequently filed on January 26, 1983. As of the date of hearing this motion, March 29, no subsequent report has been filed, and no request has been made for an extension of time or leave of Court to file the monthly statements which were past due.

A debtor in possession, while receiving the benefits of a Chapter 11 filing,[2] also assumes many responsibilities and obligations.[3] As the Supreme Court has indicated, "the debtor, though left in possession by the judge, does not operate [the business] as it did before the filing of the petition, unfettered and without restraint." *Case v. Los Angeles Lumber Products Co.,* 308 U.S. 106, 126, 60 S.Ct. 1, 12, 84 L.Ed. 110 (1939). To the contrary the debtor in possession becomes a fiduciary of the estate and is subject to the court's imposition of orders and duties. In this same connection the ". . . debtor in possession holds its powers in trust for the benefit of the creditors. The creditors have the right to require the debtor in possession to exercise those powers for their benefit." *In re Martin Custom Made Tires Corp.,* 108 F.2d 172, 173 (2d Cir.1939). Perhaps one of the most important functions of a debtor in possession is to keep its creditors and the Court informed on the status of the business undergoing reorganization. *In re Pittsburgh Rys. Co.,* 117 F.2d 1007 (3rd Cir.1941).

Under 11 U.S.C. § 1107(a), "a debtor in possession shall . . . perform all the functions and duties . . . of a trustee serving in a case under this chapter." Section 704(7) establishes pervasive reporting and disclosure duties for the trustee. Likewise, the Rules of Bankruptcy Procedure impose specific duties on the debtor in possession. Rule 218 emphasizes the importance of furnishing information concerning the estate and details a number of items in this regard. Rule 11–30 provides that the debtor in possession shall report on the financial condition of the estate every month.

Finally, this Court's Miscellaneous Order No. 11 provides that a debtor in possession *must* file by the 15th of each month an interim financial statement. The importance of this financial reporting is highlighted by the instant case. At the hearing on the Bank's motion to convert it was impossible to determine the true status of the debtor's operation. There was conflict-

---

1. The Bank initially filed its motion to convert on January 14, 1983. The motion was renewed on March 3, 1983. Subsequently an Order appointing a trustee was issued on March 14, 1983, and he qualified on March 21, 1983.

2. Most importantly the automatic stay and the binding authority of orders issued by the Court

upon creditors are geared to allow the debtor to get a fresh start.

3. *See generally* 11 U.S.C. §§ 1106, 1107, 704; *Rules of Bankruptcy Procedure,* Rule 402, Rule 11–30.

ing testimony from various witnesses regarding the financial status of Modern Office Supply, Inc., and neither the office manager nor the president, were able to explain the actual financial condition of the company. This predicament was created primarily by the debtor's failure to comply timely with the reporting provisions.

The record indicates that the debtor has been out of compliance with various reporting requirements since January, 1983. Without the required reports the creditors are unable to determine if the debtor is exercising its powers in a manner beneficial to them and non-compliance is prejudicial to their interests.

The importance of complete and timely financial reporting by a business receiving the protection afforded by the Bankruptcy Code is emphasized by the facts of this case. Throughout the proceeding several creditors have diligently sought their right to adequate protection and on more than one occasion the court has allowed the business to continue on assurances from the debtor that there would be no diminution of the interests of secured creditors; and that operations could and would be continued without reduction in the values of inventory and accounts receivable. Unfortunately, this has not been the case.

On March 31, 1983 the debtor filed an abbreviated interim report. It was filed 16 days after the due date, without excuse, and 2 days after the hearing. Though the report is incomplete and not in compliance with this court's form, e.g. it merely totals disbursements; it discloses a $44,000 loss from operations for the month of February. Had this information been available timely the hearing of March 29 could have dealt with facts rather than speculation.

■ The order for relief in a Chapter 11 proceeding is most certainly not a license to continue business as usual free of creditor lawsuits. *See Matter of W.J. Rewoldt Co.,* 22 B.R. 459 (Bkrtcy.E.D.Mich.1982). The debtor in possession becomes its creditors' trustee and is required to conduct itself as one. The disclosure of financial condition by periodic reporting to interested parties is high on the list of fiduciary obligations and is to be excused only for justifiable cause.

■ The motion to convert this case to a case under Chapter 7 rests upon 11 U.S.C. § 1112(b).[4] This Court is to consider all factors when it determines whether or not to convert a case and is not limited to the grounds set forth in § 1112(b). *In the Matter of E. Paul Kovacs and Co., Inc.,* 16 B.R. 203 (Bkrtcy.D.Conn.1981).

■ The Court, however, finds that the provisions of § 1112(b)(3) are sufficient to encompass the motion under consideration. This subsection requires conversion on request of a party in interest, when there has been "unreasonable delay by the debtor that is prejudicial to creditors." The default on the part of the debtor to provide crucial and critical financial data as required by Court order, the Code and the Rules amounts to unreasonable delay sufficiently prejudicial to creditors within the meaning of § 1112(b)(3). *In re Missouri,* 22 B.R. 600 (Bkrtcy.E.D.Ark.1982); *See also In re Kang,* 18 B.R. 680 (Bkrtcy.N.D.Ill.1982); *In the Matter of Elliott,* 15 B.R. 679 (Bkrtcy.W.D.Mo.1981); *In the Matter of Horizon Hospital, Inc.,* 10 B.R. 672 (Bkrtcy. M.D.Fla.1981).

The record demonstrates it is not in the best interest of creditors and the estate for this case to remain under Chapter 11 for the debtor's conduct has been prejudicial to creditors.

4. This section provides in pertinent part:
   (b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

   (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
   (2) inability to effectuate a plan;
   (3) unreasonable delay by the debtor that is prejudicial to creditors
   . . . .

It is therefore concluded that sufficient cause exists and it is in the best interests of both creditors and the estate that this case should be converted to a case under Chapter 7.

In accordance with the foregoing, it is ORDERED, that the Motion to Convert filed by Liberty National Bank and Trust Company be, and the same hereby is granted and the case is converted to one under Chapter 7 of the Bankruptcy Code.