**In re DEENA PACKAGING INDUS-TRIES, INC., Debtor.**

**Bankruptcy No. 82 B 11526 (EJR).**

United States Bankruptcy Court,
S.D. New York.

May 10, 1983.

Schutzman & Schutzman, Wantagh, N.Y., for creditor Flushing Sav. Bank.

Louis P. Rosenberg, Brooklyn, N.Y., for debtor Deena Packaging Industries, Inc.

**DECISION ON CREDITOR'S MOTION TO APPOINT A TRUSTEE**

EDWARD J. RYAN, Bankruptcy Judge.

On July 6, 1978, Deena Packaging Industries, Inc. (Deena) filed a voluntary petition in bankruptcy under Chapter XI, section 322 of the Bankruptcy Act. At that time, Flushing Savings Bank (Flushing), as a major creditor of Deena, held a mortgage on Deena's manufacturing plant. The 200,000

square foot plant was Deena's major asset. This court confirmed a plan whereby the mortgage was extended and Deena was to pay certain sums in repayment each month to Flushing. After Deena defaulted on its August 1981 payment, Flushing obtained a foreclosure judgment against Deena in New York State Supreme Court in the amount of $1,724,141. On the eve of the foreclosure sale initiated by Flushing, however, an involuntary petition in bankruptcy was filed against Deena pursuant to section 303 of the Bankruptcy Code. Consequently the foreclosure sale was stayed.

On August 16, 1982 Deena entered into a written lease with a third party for the rental of the fourth floor of the mortgaged premises.[1] On October 6, 1982, Deena filed a voluntary Chapter 11 petition. The above mentioned lease was not included in that petition. In November 1982 Deena executed a second lease whereby another portion of the mortgaged premises was rented. The annual rental proceeds were approximately $100,000.

Deena incurred brokerage fee liabilities in connection with these leases. The arrangement between Deena and the broker who secured the tenants was that the broker's fee would be due and owing only when rental income was received by Deena. As rental income is earned, therefore, Deena becomes liable for brokerage fees on that amount. The total broker's fees payable on these two leases is not to exceed $45,000. When Deena amended its voluntary petition on December 17, 1982, by filing additional schedules and a statement of financial affairs, it disclosed neither the leases nor the brokerage liability.

Previously, Flushing had moved to have a trustee appointed to protect its rights as a secured creditor. A trial took place on the issue of appointment on the 17th day of December 1982 and was continued through January 25, 1983. This court concludes that the appointment of a trustee is entirely appropriate in these circumstances.

■ The appointment of a trustee in bankruptcy is governed by 11 U.S.C. § 1104 (1978 Supp.).[2] The court may appoint a trustee for cause, or, under section 1104(a)(2), to protect the interests of creditors. Appointing a trustee for cause is not a discretionary function and necessarily includes a showing of "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case."[3] Appointing a trustee to protect the interests of creditors, however, entails equitable considerations through which the court may exercise its discretionary powers.[4]

■ The appointment of a trustee in Chapter 11 cases has been held by some courts to be extraordinary relief.[5] This is consistent with the presumption that a Chapter 11 debtor should remain in possession and continue to manage its own af-

---

**1.** At trial, the existence of the leases executed by Deena was disclosed. Also, the president of Deena conceded the leases were not included on the filed petitions.

**2.** 11 U.S.C. § 1104 (1979) provides:
(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.
For a discussion of the legislative history of § 1104, see *In re McCordi*, 6 B.R. 172, 176–78 (Bkrtcy.S.D.N.Y.1980).

**3.** 11 U.S.C. § 1104(a)(1); *see In re Main Line Motors*, 9 B.R. 782 (Bkrtcy.E.D.Pa.1981). *But see In re Anniston Food Rite, Inc.*, 20 B.R. 511, 516 (Bkrtcy.N.D.Ala.1982).

**4.** 11 U.S.C. § 1104(a)(2). *See In re Hotel Associates*, 3 B.R. 343 (Bkrtcy.E.D.Pa.1980).

**5.** *In re Anchorage Boat Sales*, 4 B.R. 635, 644 (Bkrtcy.E.D.N.Y.1980).

fairs.[6] Indeed, no trustee need be appointed in instances of slight mismanagement or where there are no discrepancies uncovered in the accounting records of a debtor.[7] Section 1104, however, specifically proscribes certain conduct by debtors in possession; dishonesty is one such enumerated, prohibited act.

■ Although the grounds for cause were not specified in Flushing's papers, the trial record reveals that Deena's failure to include relevant financial data on their original and amended schedules raises questions of dishonest conduct. Under Bankruptcy Rules 108 and 10–108,[8] the debtor is required to list *all* its assets and liabilities with the court.

The *In re Horn & Hardart* case, 22 B.R. 668, 7 C.B.C.2d 65 (Bkrtcy.E.D.Pa.1982), illustrates grounds for finding cause under section 1104(a)(1). Although the specific allegation therein was gross mismanagement, the court viewed the debtor's failure to file several operating statements mandated by the bankruptcy rules as an important consideration when determining whether or not cause existed for the appointment of a trustee. The court wrote in support of its view "that the debtor has poorly fulfilled the responsibilities imposed by the Bankruptcy Code and Rules." That

situation, coupled with continuing operating losses, led the court to appoint a trustee for cause.

In another recent decision, the Bankruptcy Court for the Eastern District of Pennsylvania appointed a trustee in a Chapter 11 proceeding for cause and to protect the interests of the creditors. The debtor corporation in *In re Philadelphia Athletic Club, Inc.,* 15 B.R. 60 (Bkrtcy.S.D.N.Y.1981) was found to be grossly mismanaged; the debtor could not overcome allegations of mismanagement because it had failed to keep adequate books and records. The court reasoned that full disclosure of the debtor's financial position is necessary to determine whether the debtor can operate profitably or should be liquidated.

The respective debtors' failure to file relevant post-petition financial information in the *Horn & Hardart* and the *Philadelphia Athletic Club* cases contributed to the courts' appointment of trustees. In the case at hand, Deena omitted the rental income and brokerage liability from the original and amended petitions. The debtor's omissions violate the disclosure requirements of Bankruptcy Rules 108 and 10–108. Since the debtor has proffered no justification whatsoever for the nondisclosure of the leases in the petitions,[9] this court concludes

6.  *In re Garland Corp.,* 6 B.R. 456, 460 (Bkrtcy. D.Mass.1980); *In re Eichorn,* 5 B.R. 755, 757 (Bkrtcy.D.Mass.1980).

7.  *In re Eichorn,* 5 B.R. 755, 757 (Bkrtcy.D.Mass. 1980).

8.  Bankruptcy Rule 108 provides:
    (a) *Schedules and Statement Required.* The bankrupt shall file with the court schedules of all his debts and all his property and a statement of his affairs, prepared by him in the manner prescribed by Official Forms No. 6 and either No. 7 or No. 8, whichever is appropriate. The number of copies of the schedules and statement shall correspond to the number of copies of the petition required by these rules.
    (b) *Time Limits.* Except as otherwise provided herein, the schedules and statement shall be filed with the petition by a voluntary bankrupt and within 10 days after adjudication by an involuntary bankrupt or by a partnership adjudicated on other than a voluntary petition
    . . . .
    Bankruptcy Rule 10–108 provides:

(a) *Lists Required.* The trustee shall, or if the debtor is retained in possession it shall, at the expense of the estate, file with the court, within such time as the court may fix, a list of the debtor's creditors of each class, showing the amounts and characters of their claims and securities and, so far as known, the name and address or place of business of each creditor and whether the claim is disputed, contingent, or unliquidated as to amount, and a list of the debtor's stockholders of each class showing the number and kind of shares registered in the name of each stockholder, and the last known address or place of business of each stockholder. If the debtor is retained in possession, it shall file an inventory of its property showing the location, quantity, and money value thereof within the time fixed by the court.

9.  In respect to the leases, Deena asserted that the brokerage fee liability did not have to be disclosed on any schedule because it was incurred before any order for relief was entered on the involuntary petition. This defense is without merit. By filing the voluntary Chapter

that these omissions be characterized as dishonest conduct for the purposes of section 1104(a)(1). Consequently, the cause requirement under section 1104(a)(1) has been met.

Even if Flushing had been unable to demonstrate sufficient cause, this court is empowered under section 1104(a)(2) to appoint a trustee to protect Flushing's rights as a creditor.[10] The ability of the debtor to profitably operate its business is a substantial concern of the creditors.[11] Deena conceded in its post trial memorandum that the operation of the building, its only income producing activity, is "almost self-sustaining, although not yet profitable."[12] Such a concession raises doubts as to whether Deena should continue to act as a debtor in possession or whether its assets should be liquidated and its creditors paid off.

Accurate information as to the debtor's viability must reach the court and the creditors. Because Deena has failed to provide a full and truthful statement of its financial condition, it is necessary to appoint a trustee so that the court and Deena's creditors are fully informed.

Accordingly, the United States Trustee is directed to appoint a disinterested person to serve as trustee in accordance with Code Section 151104(c).

Settle an appropriate order.

---

11 petition, Deena not only terminated the involuntary proceeding, but also became subject to the filing rules of bankruptcy procedure, inclusive of Rules 108 and 10–108. Specifically, the brokerage fee was a contingent liability. The rules, without doubt, mandate the disclosure of all liabilities to which the debtor is subject when invoking the protection of the court through a voluntary Chapter 11 petition.

**10.** *In re Mainline Motors,* 9 B.R. 782, 784 (Bkrtcy.E.D.Pa.1981) (court relied on broad powers of equity to appoint trustee to protect creditor); *In re Eichorn,* 5 B.R. 755, 758 (Bkrtcy.D.Mass.1980) (discretionary appointment of trustee in interest of creditor product

of congressional grant of flexibility under section 1104(a)(2)); *In re Anchorage Boat Sales, Inc.,* 4 B.R. 635, 644 (Bkrtcy.E.D.N.Y.1980) (section 1104(a)(2) provides for flexible standard for appointment of trustee); *In re Hotel Associates,* 3 B.R. 343, 345 (Bkrtcy.E.D.Pa. 1980) (Bankruptcy Court must resort to broad equity powers when appointing a trustee under section 1104(a)(2) to protect the interests of creditors).

**11.** *In re Philadelphia Athletic Club, Inc.,* 15 B.R. 60, 64 (Bkrtcy.E.D.Pa.1981).

**12.** Post trial memorandum for debtor at 10.