**In re ALLSUN JUICES, INC., Debtor.**

**Bankruptcy No. 83–1067–BK–T.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 13, 1983.

David Friedman/David Levine, Miami, Fla., for debtor.

George Ericksen, Tampa, Fla., for Mac-Rae.

ORDER ON MOTION TO APPOINT
A TRUSTEE

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 reorganization case originally commenced by an involuntary petition which sought an Order for Relief under Chapter 7 of the Code and on July 20, 1983 was converted to a Chapter 11 case by Allsun Juices, Inc., (Allsun). The matter under consideration is a Motion filed by the Estate of Alexander J. MacRae (MacRae's Estate), which seeks an appointment of a trustee, pursuant to Section 1104(a)(2). The Motion is based on the contention that the parent corporation of Allsun, General Coffee Corporation (General Coffee) is currently a debtor-in-possession in a Chapter 11 case pending in the Bankruptcy Court for the Southern District of Florida, together with several of its affiliates; that counsel for Allsun is also counsel of record for General Coffee and for its affiliates; that the record reveals several intercompany transfer of funds between General Coffee and Allsun, even though the operating activities of the two corporate entities were totally unrelated; that due to the foregoing, there is likely to be a conflict of interest between Allsun and General Coffee and, for this reason, a trustee should be appointed who could act independently of the two Debtors. Although the motion does not specify whether or not MacRae's Estate seeks the appointment of a trustee on the ground that the management is guilty of fraud, dishonesty, incompetence or gross mismanagement, it was announced by counsel for MacRae's Estate, at the outset of the hearing, that that was not the ground for

the motion and the appointment was sought on the ground that it is in the interest of the creditors and the equity security holders and other interests of the estate.

In support of the motion, MacRae's Estate put in evidence voluminous documents, without objection, which documents indicate, indeed, that General Coffee might be indebted to Allsun in the amount of $1,221,770.30, while the payable ledgers of General Coffee indicate an indebtedness only in the amount of $303,893.22. Counsel for MacRae's Estate urges that the appointment of a trustee is warranted and, in this instance, first, because the 120 days exclusivity period provided by Section 1121(b) will not expire until November 17, 1983, and if a trustee is appointed, the trustee could immediately develop a Plan of Reorganization; and the trustee is needed because there is an apparent conflict of interest between the two entities represented by the same counsel and in order to obtain an independent counsel to pursue whatever choses of action might be available to the estate, Allsun needs a detached independent representative. Therefore, there is a need for the trustee who can employ his own counsel to prosecute these possible claims.

In support of the motion, counsel cites the case of *In re L.S. Good & Company*, 8 B.R. 312 (Bkrtcy.N.D.W.Va.1980), in which case the Bankruptcy Court held that because the prospects of rehabilitation of the Debtor were remote and it appeared that there was no alternative but to liquidate and because of a continuance of the current management might result in serious, potential conflicts of interest in collection of any monies due to the Debtor from related corporations, the appointment of a trustee was warranted. The reliance of counsel on *L.S. Good,* while it might at first blush furnish support for the proposition urged by counsel, it really does not bear close analysis. The only similarity between the facts involved in *L.S. Good* and the case before this Court is that in both cases there were numerous intercompany transfers of funds. However, in *L.S. Good* there was a finding that there was no hope of rehabilitation, unlike in the present case. Such determina-

tion would be, to say the least, premature in light of the fact that the Meeting of Creditors is yet to be held, and the time to file a Plan of Reorganization during the exclusive period of 120 days granted to a Debtor by § 1121(b) will not expire until November 17, 1983. The second case cited by counsel for MacRae's Estate is the case of *In re Hotel Associates, Inc.,* 3 B.R. 343 (Bkrtcy.E. D.Pa.1980), in which case the bankruptcy court granted the motion and appointed a trustee but, again, on grounds which are not present in the instant case. Both *L.S. Good* and *In re Hotel Associates* emphasized that to resort to the appointment of a trustee is an extraordinary remedy and inevitably places a financial burden on an already financially hard-pressed Debtor seeking relief under Chapter 11. Furthermore, it is equally clear that unlike the pre-Code law which mandated the appointment of a trustee in a Chapter X reorganization case if the amount of indebtedness of the Debtor exceeded $250,000, [§ 156 of the Bankruptcy Act of 1898, as amended,] the Code contemplates that, as a general rule, the Debtor shall remain in possession and shall be permitted to conduct its affairs during the period it seeks to reorganize its affairs. In addition, in the *Hotel Associates* case, the Court stated as a ground for the appointment of a trustee, that the Debtor failed to keep adequate books and records; its failure to maintain properly the hotel, and the Plan of Reorganization proposed by the Debtor failed to furnish a solution to the problems of all parties. For those reasons, the Court found the appointment of a trustee justified.

In the present instance, there is no allegation or proof that the records of Allsun are in disarray and not kept properly, and that it does not conduct its affairs in a proper fashion. On the contrary, counsel for MacRae's Estate admitted that there is no claim of stated misappropriation; that he wants a trustee to be appointed only for the purpose of having the trustee formulate a Plan of Reorganization and for the purpose of investigating the intercompany transactions in order to ascertain the existence of enforceable claims, either against

**164**

General Coffee or against its affiliates or others. This being the case, it is evident and this Court is satisfied that the appointment of a trustee would be unwarranted and not justified. The record reveals that the Debtor furnished and made available all his books and records to counsel for Mac-Rae's Estate; that a group of creditors applied for and obtained permission to conduct an examination of officers of the Debtor, under oath, pursuant to Bankruptcy Rule 2004; and that the officers of the Debtor will be available for examination at the Creditor's Meeting. *In re Tyler,* 18 B.R. 574 (Bkrtcy.S.D.Fla.1982).

Based on the foregoing, it is clear that the Motion to Appoint a Trustee is premature and until it develops that there is a need for an independent representation of the estate of this Debtor for the purpose of pursuing claims on behalf of the estate, the additional cost which necessarily entails an administration by a trustee would not be warranted and justified. Lastly, even if the need for independent counsel ultimately develops, the creditors would certainly have a right to apply for the appointment of special counsel to pursue these claims. This Court is not aware of any provision of the Code which would permit the appointment of a trustee for the sole purpose of depriving the Debtor of its right to the 120 days exclusivity period and if creditors desire to file a Plan, they certainly are entitled to do so after the expiration of the exclusivity period and they do not need a trustee for that purpose. In light of the foregoing, this Court is of the opinion that the Motion for Appointment of a Trustee is premature and cannot be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Appoint a Trustee filed by MacRae's Estate be and the same hereby is denied.

DONE AND ORDERED at Tampa, Florida on September 13, 1983.