**In re Loyd W. FORD, Debtor.**

**Bankruptcy No. 5–82–00358.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 3, 1983.

Stewart E. Bland, Barnett & Alagia, Louisville, Ky., for debtor.

Ronald J. Bamberger, Bamberger & Abshier, Owensboro, Ky., for movant, Norma Younger (former spouse).

J. Daniel Kemp, Turner, Dixon & Kemp, Hopkinsville, Ky., for West Kentucky Production Credit Ass'n, co-movant.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The appointment of a trustee in this Chapter 11 proceeding filed November 3, 1982, is sought pursuant to 11 U.S.C. § 1104(a). A response was filed August 11, 1983. An amended motion seeking the same relief was filed August 25, 1983, joined by an additional creditor on September 1, 1983, and heard by the Court on September 6, 1983.

At the hearing all parties appeared in person or by counsel. Testamentary and documentary evidence was introduced in support of, and in opposition to, the relief sought.

A confirmation hearing was scheduled for September 7, 1983, but has been continued to a later date due to the pendency of this motion. The Disclosure Statement and Summary of the Plan was previously approved on June 30, 1983.

The moving parties (debtor's former spouse, an alleged secured creditor, and West Kentucky Production Credit Association, a secured creditor) allege that a trustee should be appointed; that cause exists

as a result of the fraud, dishonestly and mismanagement of the debtor's affairs, both pre- and postpetition; and that the interests of the estate and creditors would be best served by said appointment.

## FINDINGS OF FACT

At the hearing on September 6, 1983, the parties stipulated and entered into the record two judgments dated January 3, 1979, and October 26, 1982, from the Christian County Circuit Court. The Court therein found the debtor-in-possession had concealed assets, perpetrated fraud, and violated certain fiduciary duties when engaged in an extensive prepetition divorce proceeding which involved one of the moving creditors herein.

Testimony at the hearing further established, and this Court so finds, that the debtor-in-possession:

1. Made at least two interest-free loans from estate funds to a corporation solely-owned by said debtor, resulting in a transfer of $47,000.00 without permission of, or disclosure to, the Court;

2. In December, 1982, disposed of a partnership interest without Court permission or notification thereof, applying proceeds to a secured creditor's interest in the collateral sold;

3. After the filing of the Motion to Appoint a Trustee and within one week prior to the September 6, 1983 hearing thereon, sold a stock interest in Pennyrile Citizens Bank for the sum of $56,400.00 without notification to the Court or requested approval. Said stock was still registered in the debtor's name, although ostensibly transferred to debtor's solely-owned corporation one day prior to the filing of this petition;

4. One day prior to the filing of this petition attempted to transfer or transferred to his solely-owned corporation various stocks, including the Pennyrile stock denoted in paragraph (3), valued at $265,000.00, as well as livestock and thoroughbred horses of an unknown value. Said horses continue to be registered in the debtor's name

as owner following the purported transfer by bill of sale to the corporation, and the corporation has suffered a loss of $16,000.00 on this horse operation for the six-month period from January, 1983 through June, 1983;

5. Evidenced a firm conviction that transactions between himself and his solely-owned corporation for the purpose of placing estate assets beyond his creditors' reach was proper; and

6. Has filed monthly financial reports since the inception of this petition which have consistently failed to disclose the postpetition transactions above-denoted.

In response and defense thereto, counsel for the debtor submits that an Internal Revenue Service attachment levied immediately prior to the filing of the petition required preventive measures to be taken by the debtor to protect his assets. Further, the value of the debtor's individual and corporate assets collectively have not been eroded as a result of these interdealings, and said interdealings merely reflect and continue debtor's routine practices engaged in prior to the filing of this petition.

At issue is whether the course of conduct of the debtor-in-possession necessitates the appointment of a trustee to protect the estate and creditors' interests.

## CONCLUSIONS OF LAW

11 U.S.C. § 1104(a) of the 1979 Bankruptcy Code provides a flexible standard for the Court's appointment of a trustee:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the Court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

Also, see *In Re Eichorn,* 5 B.R. 755 (Bkrtcy. D.Mass.1980); *In Re Hotel Associates, Inc.,* 3 B.R. 343 (Bkrtcy.E.D.Pa.1980).

■ Hence, the decision to appoint a reorganization trustee is appropriate if the Court finds that cause exists for the appointment or that the appointment is in the best interests of creditors and the estate.[1]

■ Cause for appointment of a trustee under § 1104(a)(1) is found when a debtor has evidenced such conduct as "fraud, dishonesty, incompetence, or gross mismanagement ... either before or after the commencement of the case."[2] Where such cause has been shown, the Courts have no discretion but must appoint a trustee.[3] However, judicial considerations in determining the issue of whether to appoint a trustee are not limited to such cause as enumerated specifically in § 1104(a)(1). Thus, the Court has discretionary power pursuant to § 1104(a)(1) and (2) to appoint a trustee when necessary to protect rights of creditors of the estate.[4]

■ As this Court noted in *In Re Bailey,* appointment of a trustee is an extraordinary remedy.[5] This holding is consistent with the strong presumption that a reorganization debtor should be permitted to continue management of the estate.[6] However, the order for relief in a Chapter 11 proceeding does not permit a debtor to continue business free of creditors' legal rights in the assets, nor can the debtor unilaterally ignore responsibilities imposed on him by the Code.[7] Since the debtor-in-possession is a fiduciary of the estate subject to Court order and restraint, a breach of these fiduciary duties may constitute cause for appointment of a trustee to manage the estate in accordance with Code provisions and Court order.[8]

■ Inherent in debtor's fiduciary obligations under the Code is the duty to file accurate financial reports disclosing all transactions involving estate assets. As noted in *In Re Modern Office Supply,* one of the most important functions of a debtor-in-possession is to keep the Court and creditors informed of the status of the business undergoing reorganization.[9] Any failure to file accurate financial statements is an omission contributing to cause for appointment of a trustee.[10]

■ The debtor-in-possession also is under a duty to seek Court approval for any postpetition transfer of estate assets, and failure to obtain such approval may constitute grounds for appointment of an independent trustee.[11] Debtor's commingling of estate and nonstate assets without Court approval not only mandates appointment of a trustee for cause but satisfies the discretionary criteria for appointment of a trus-

1. See generally *In Re Deena Packaging Industries, Inc.,* 29 B.R. 705 (Bkrtcy.S.D.N.Y.1983); *In Re La Sherene,* 3 B.R. 169 (Bkrtcy.N.D.Ga. 1980).

2. Citing § 1104(a)(1), *supra.* See *In Re Main Line Motors,* 9 B.R. 782 (Bkrtcy.E.D.Pa.1981).

3. See *In Re Main Line Motors, supra; In Re Philadelphia Athletic Club, Inc.,* 15 B.R. 60 (Bkrtcy.E.D.Pa.1981).

4. *In Re Bel Air Associates, Ltd.,* 4 B.R. 168 (Bkrtcy.W.D.Okl.1980); *In Re Hotel Associates, supra,* relying on *Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); *In Re Eichorn, supra; In Re McCordi Corp.,* 6 B.R. 172, 176 (S.D.N.Y.1980).

5. *In Re James C. Bailey,* No. 5–82–00388 (W.D. Ky., Feb. 9, 1983).

6. *In Re Garland Corp.,* 6 B.R. 456 (Bkrtcy. Mass.App.D.Mass.1980); *In Re Anchorage Boat Sales,* 4 B.R. 635 (Bkrtcy.E.D.N.Y.1980).

7. See *In Re Modern Office Supply,* 28 B.R. 943 (Bkrtcy.W.D.Okl.1983).

8. *In Re Deena Packaging Industries, supra.*

9. *In Re Modern Office Supply, supra.*

10. *Id.*

11. *In Re Main Line Motors, supra.*

tee to manage the estate.[12] Where a debtor-in-possession utilizes his position to frustrate or defeat the creditors' interests by postpetition transfer of assets beyond the creditors' reach, subsequently resulting in false financial information being submitted to the Court, the rights of all parties in interest can only be protected by appointment of an independent trustee.

## CONCLUSION

It is the opinion of this Court that the debtor has engaged in unauthorized practices, both prepetition and postpetition, including:

1. Failure to submit factual monthly financial reports;

2. Failure to obtain permission for the transfer of estate assets;

3. Failure to obtain Court permission prior to making interest-free loans from estate assets to a wholly-owned, nonparty corporation;

4. Failure to recognize a duty to keep estate assets separate from assets of a corporation not subject to this Court's jurisdiction;

5. Use of transferred assets as his own to the detriment of his personal creditors.

The Court further finds that sufficient cause exists from these practices for a trustee to be appointed to manage the debtor's estate, and that the best interests of the creditors and the estate require and will be served by said appointment.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 3rd day of October, 1983.

---

**12.** *Id.* *Accord, In Re Philadelphia Athletic Club, supra.* See generally, *In Re Anniston Food-Rite, Inc.,* 20 B.R. 511 (Bkrtcy.N.D.Ala. 1982).