**In re GEMS N' THINGS INC., Debtor.**

**Bankruptcy No. 86 B 20160.**

United States Bankruptcy Court,
S.D. New York.

April 25, 1986.

Murray S. Lubitz & Associates, White Plains, N.Y., for petitioning creditors; Murray S. Lubitz, of counsel.

Fensterheim & Fensterheim, White Plains, N.Y., for debtor; Lawrence Rigie, of counsel.

### DECISION ON APPLICATION TO CONVERT CASE TO CHAPTER 7 OR IN THE ALTERNATIVE AN ORDER DIRECTING U.S. TRUSTEE TO APPOINT AN OPERATING TRUSTEE.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The petitioners have moved for an order pursuant to 11 U.S.C. § 1112(b) converting this Chapter 11 reorganization case to one under Chapter 7 of the Bankruptcy Code, or in the alternative, for an order in accordance with 11 U.S.C. § 151104(a) directing the United States Trustee to appoint an operating trustee.

On April 10, 1986, the petitioners filed with this court an involuntary petition for relief against the debtor, Gems N' Things, Inc., under Chapter 7 of the Bankruptcy Code. On the same day, the petitioners filed and served an order to show cause seeking the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g) in order to preserve the debtor's property and to prevent loss to the estate. The petitioning creditors alleged that the debtor was engaged in the operation of a retail store selling jewelry, giftware, silverware and dinnerware in White Plains, New York. The petitioning creditors also asserted that the debtor had posted a notice in its store window that it was going out of business and was liquidating all its inventory and fixtures and that it would thereafter close its doors. The petitioning creditors claimed that the debtor was diverting its cash receipts and collections to improper uses and was removing valuable jewelry from the store.

By order dated April 15, 1986, this court directed the United States trustee to appoint an interim trustee from the panel of private trustees established under 28 U.S.C. § 586(a)(1). Pursuant to an order dated April 17, 1986, this court authorized the interim trustee, Jeffrey L. Sapir, Esq., to retain an auctioneer to sell the debtor's assets in order to avoid possible theft of the inventory and unnecessary use and occupation of the premises.

On April 18, 1986, the debtor filed a petition with this court to convert this involuntary Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code in accordance with 11 U.S.C. § 706(a). This section gives a debtor one absolute right of conversion of a liquidation case to one for reorganization. The conversion to Chapter 11 had the effect of returning the principals of the debtor to possession of the debtor's assets with authority to operate the business in accordance with 11 U.S.C. § 1108.

The petitioning creditors thereafter filed an order to show cause dated April 19, 1986, seeking to convert this case back to Chapter 7 or, in the alternative, requesting the appointment of an operating Chapter 11 trustee. A hearing was held in this court on April 23, 1986, at which time the court found the following facts after hearing the evidence and the argument of counsel.

1. The debtor applied to the City of White Plains for a license authorizing it to conduct a going out of business sale to be held during the period of April 2, 1986 through April 22, 1986, at which time it would be required pursuant to the terms of the license to close its doors.

2. Numerous customers of the debtor have called the interim trustee complaining that they have not received ordered merchandise, notwithstanding previous payments and down-payments. Other customers have complained that the debtor has failed to return merchandise and watches delivered to the debtor for repair.

3. The firm of G.A. Wright, a retail sales and management consulting firm from Denver, Colorado, was retained by the debtor to assist in the liquidation sale of the debtor's inventory. This firm was given two checks by the debtor, one for $5000 and the other for $518 in consideration of its services. These checks were not honored by the debtor's bank.

4. The interim trustee's representative appeared at the debtor's premises after the filing of the Chapter 7 petition and informed one of the debtor's principals that all sales must cease. The debtor's principal immediately went over to a display case and removed as many gold chains as he could. Ultimately, the interim trustee's representative was compelled to call the police to prevent the debtor's principal from removing jewelry and items from the store. When questioned as to the whereabouts of missing jewelry items, the debtor's principal said he put the merchandise in the safe. He then refused to open the safe, saying that he forgot its combination. The auctioneer testified that many empty merchandise cartons were found in the basement of the debtor's store and that the amount of merchandise found on the premises was much less than the value of the inventory set forth in the debtor's application to the City of White Plains, which had been filed by the debtor in support of its request for a going out of business license.

5. From the foregoing it is abundantly clear that the debtor's principals have refused to cooperate with the interim trustee and engaged in conduct which, if not viewed as dishonest, can be regarded as gross mismanagement of the affairs of the debtor after the commencement of the involuntary Chapter 7 case.

## DISCUSSION

In light of the quick movement of events in this case and the fact that it was commenced recently as an involuntary Chapter 7 case and thereafter converted to Chapter 11 only a few days ago, it would serve no useful purpose to determine if there are sufficient facts that would warrant reconverting this case to Chapter 7. The evi-

dence produced by the petitioning creditors did not address the factors for conversion delineated under 11 U.S.C. § 1112(b). The debtor was not in Chapter 11 long enough for the petitioners to show the existence of continuing losses and an absence of a reasonable likelihood of rehabilitation. Similarly they could not show an inability to effectuate a plan or an unreasonable delay by the debtor that is prejudicial to the creditors. However, they did prove that their interests were jeopardized by the debtor's conduct following the commencement of the involuntary Chapter 7 case. Accordingly, the petitioning creditors are entitled to look to 11 U.S.C. § 151104 for protection consistent with their request for the appointment of an operating trustee. The relevant portion of 11 U.S.C. § 151104 reads as follows:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor....

Although the appointment of a trustee in a reorganization case is an extraordinary remedy, *In re Ford* 36 B.R. 501 (Bankr.W.D.Ky.1983), *In re McCordi Corp.*, 6 B.R. 172, 6 B.C.D. 894 (Bankr.S.D. N.Y.1980), a debtor may not ignore the responsibilities imposed when operating under the Bankruptcy Code. When a debtor, as here, refuses to cooperate with an interim trustee and removes property of the estate, the court must order the appointment of a trustee for cause. The complaints of customers and creditors may not be ignored, especially in light of the fact that the debtor's planned going out of business sale means that the debtor must close its doors by May 16, 1986. The appoint-

ment of an operating trustee, even if only to supervise a liquidating Chapter 11 operation, will protect the interests of all creditors of this estate after the debtor has folded its tent and ceases doing business at its present location.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the persons in this proceeding in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. The petitioning creditors' motion is granted to the extent that the United States trustee is hereby directed to appoint an operating trustee in this Chapter 11 case pursuant to 11 U.S.C. § 151104(a)(1).