Myron J. SCHUSTER, Appellant,

v.

Emanuel DRAGONE, Appellee.

Myron J. Schuster, Appellant,

v.

George Dragone, Appellee.

In re Emanuel Dragone, and George Dragone, Debtors.

Nos. 3:00 CV 2338(GLG), 3:00 CV 2339(GLG). Bankruptcy No. 00–51313.

United States District Court, D. Connecticut.

Aug. 17, 2001.

Scott M. Charmoy, Law Offices of Ira B. Charmoy, Fairfield, CT, for appellee.

Jeffrey R. Hellman, Zeisler & Zeisler, P.C. Bridgeport, CT, for appellant.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Appellant, Myron J. Schuster, a creditor in the underlying bankruptcy cases, appeals from an Order of the Bankruptcy Court, which denied the Petitioning Creditor's Motion for Appointment of a Chapter

11 Trustee for the debtors. *See* 28 U.S.C. § 158(a)(1); *see also In re American Preferred Prescription, Inc.,* 255 F.3d 87, 92 (2d Cir.2001).

Schuster had made a substantial loan to the two individual debtors and to their company, Dragone Classic Motor Cars, Inc., pursuant to a promissory note. When the Note was not paid, Schuster sued both individuals and the company, eventually obtaining a verdict of $2,125,000 plus interest. A few months later, not having recovered on his judgment, Schuster filed involuntary Chapter 7 Petitions against the debtors and their company. He also filed motions for appointment of interim trustees under 11 U.S.C. § 303(g). The debtors consented to the appointment of interim trustees in their individual cases but opposed it as to the corporation. After an evidentiary hearing, Bankruptcy Judge Albert S. Dabrowski found that it was necessary to have an interim trustee to operate the affairs of the corporation because of the manner in which the debtors had been operating the corporation and ordered the United States Trustee to appoint an interim Trustee. (Hearing Tr. 10/11/00 at 151–53; Order on Emergency Motion for Appointment of Interim Trustee dated 10/12/00).

A few days later, the debtors filed motions to convert their Chapter 7 cases to cases under Chapter 11, in accordance with 11 U.S.C. § 706(a). On October 23, 2000, Judge Dabrowski converted the two cases from Chapter 7 to Chapter 11. The conversion of the cases automatically terminated the appointment of the interim trustee. *See* 11 U.S.C. § 348(e). Schuster (alone among the creditors) then filed an emergency motion for appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)(1) and (2) and Fed. R. Bankr.P. 2007. An evidentiary hearing was held on that application on October 24, 2000.

Judge Dabrowski noted that some of the problems with the operation of the corporation had been corrected in the interim. He did not question the correctness of his determination to appoint an interim trustee under Chapter 7, but noted that "what was then is then, what is now is now." (Hearing Tr. 10/24/00 at 165). He determined that Schuster had not carried his burden of proving fraud or dishonesty by a preponderance of the evidence. *Id.* at 168. While he agreed that there were "things that are indicative of and that permit speculation with regard to gross mismanagement, dishonesty," there was not enough evidence "to carry the day" for Schuster. *Id.* Judge Dabrowski, after hearing all of Schuster's evidence and judging the credibility of the witnesses, denied the appointment of a trustee. However, upon the suggestion of counsel for the debtors and with the concession from Schuster's counsel that he would prefer the appointment of an examiner "to nothing," Judge Dabrowski did appoint an examiner to investigate the debtors' pre— and post-petition affairs and to monitor post-petition conduct and to ensure compliance with the Code. (Hearing Tr. 10/24/00 at 162–64; Order Denying Appointment of Trustee and Directing Appointment of Examiner entered on 10/27/00). The Order further prohibited the debtors from selling, transferring or encumbering any property without the examiner's prior written consent and required the examiner to file monthly written reports with the Court.

The appointment of an examiner and the additional steps taken by the Court to preserve the assets of the Estate greatly mitigated against the need for appointing a trustee. *See In re Clinton Centrifuge, Inc.,* 85 B.R. 980, 987 (Bankr.E.D.Pa.1988); *In re Hamiel & Sons, Inc.,* 20 B.R. 830, 833 (Bankr.S.D.Ohio 1982). Nevertheless, Schuster has appealed the Bankruptcy

Court's failure to appoint a Chapter 11 trustee for the debtors, claiming that in light of the Court's earlier factual findings when the interim Chapter 7 trustee was appointed, the Court abused its discretion by failing to appoint a Chapter 11 trustee in these cases.

A threshold legal issue in this matter is the standard of review on appeal of an order denying the appointment of a Chapter 11 trustee. The appellant argues that a *de novo* standard applies to the issue, citing *In re Bell*, 225 F.3d 203, 209 (2d Cir.2000), but concedes that the a clearly erroneous standard applies to factual determinations.

■ The decision not to appoint a trustee in a Chapter 11 proceeding is a factual determination committed to the discretion of the Bankruptcy Judge. A review of the record indicates that the Judge Dabrowski was well aware of the statutes and legal standards involved and his authority, if he deemed it necessary, to appoint a trustee. His decision not to appoint a trustee and to appoint an examiner instead was based upon factual considerations. Consequently, we conclude that the standard of review on this appeal, where we are asked to review the Bankruptcy Judge's factual determinations, is an abuse of discretion standard. *See In re Lowenschuss*, 171 F.3d 673, 685 (9th Cir.1999); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225–26 (3d Cir.1989); *In re Ngan Gung Rest., Inc.*, 195 B.R. 593, 596 (S.D.N.Y.1996).

■ Turning to the merits, we start with the belief that the appointment of a trustee under Chapter 11 is the exception rather than the rule and that this is an extraordinary remedy available to creditors. *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 670 (Bankr.W.D.Tenn. 1989). Inasmuch as Chapter 11 is designed to give the debtor an opportunity to rehabilitate through reorganization, the Bankruptcy Code favors allowing the debtor to remain in possession and operate the business. *In re Clinton Centrifuge*, 85 B.R. at 984. Moreover, the process of rehabilitation is generally most effective under current management who are familiar with the operation of the business involved. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998). As the Fourth Circuit noted in *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 240 (4th Cir.1987),

> the overriding philosophy of Chapter 11 ... is to give the debtor a second chance. Consistent with such a philosophy is this court's finding that current management should be permitted to identify and correct its past mistakes.

Beside the dislocation caused by the appointment of a trustee, the Court must also consider the cost of the trustee and balance the harm of such an appointment against the benefits of a trustee's appointment. *See In re General Oil Distribs., Inc.*, 42 B.R. 402, 409 (Bankr.E.D.N.Y. 1984). The Court must weigh all of the factors and interests carefully because the appointment of a trustee is an extraordinary remedy which will cause additional expense to the estate. *In re North Star Contracting Corp.*, 128 B.R. 66, 70 (Bankr. S.D.N.Y.1991).

■ Although the Code and caselaw clearly favor allowing the debtor to remain in control and run the business, under certain circumstances the debtor may be dispossessed and other management appointed in the form of a trustee. *See In re Microwave Prods.*, 102 B.R. at 670. The Code sets forth two separate standards for the Court's determination of the necessity of appointing a trustee. Under § 1104(a)(1), upon a showing of cause, "including fraud, dishonesty, incompetence or

gross mismanagement of the affairs of the debtor," the Court "shall order" the appointment of a trustee. Alternatively, under § 1104(a)(2), the Court may appoint a trustee if such appointment "is in the interests of the creditors, any equity security holders, and other interests of the estate."

Although under subsection (1), the Bankruptcy Court's discretionary powers are more circumscribed than under subsection (2), the cases have recognized that the general terms utilized in subsection (1) still leave considerable room for discretion. *Dalkon Shield Claimants*, 828 F.2d at 241; *In re General Oil Distribs.*, 42 B.R. at 409.

■■■ Under subsection (1), the Bankruptcy Court's discretion is limited to a determination of whether "cause" exists for such appointment, and such "cause" must be in the nature of "fraud, dishonesty, incompetence, or gross mismanagement" of the debtor by current management, either before or after the commencement of the case. "[T]he concepts of incompetence and dishonesty cover a wide spectrum of conduct and ... the court has broad discretion in applying such concepts to show cause." *Dalkon Shield Claimants*, 828 F.2d at 241. Implicit in a finding of fraud, incompetence, or dishonesty, for purposes of subsection (1) is whether the evidence of the misconduct rises to a level sufficient to warrant the appointment of a trustee. *In re General Oil Distribs.*, 42 B.R. at 408–09. Moreover, "[s]ince one would expect to find some degree of incompetence or mismanagement in most businesses which have been forced to seek the protection of chapter 11, the Court must find something more aggravated than simple mismanagement in order to appoint a trustee." *In re Clinton Centrifuge*, 85 B.R. at 983–84; *In re*

*Anchorage Boat Sales, Inc.*, 4 B.R. 635, 644–45 (Bankr.E.D.N.Y.1980).

■■■ In this case, after hearing all the evidence, the Bankruptcy Judge found that Schuster had not carried his burden of proving fraud, dishonesty, incompetence or mismanagement to such a degree as to warrant the appointment of a trustee. Judge Dabrowski considered the pre-petition conduct of the debtors as well as their post-petition conduct. While acknowledging that from an evidentiary standpoint there was "smoke," he did not find "sufficient flame to cause or to ignite a transfer of fiduciary responsibility from a Chapter 11 debtor in possession to a trustee." (Hearing Tr. 10/24/00 at 168). His factual findings in that regard were not clearly erroneous and there was no abuse of discretion in his failing to appoint a trustee, particularly in light of the appointment of an examiner and the other safeguards which he ordered to protect the assets of the Estate. As Judge Dabrowski noted, the examiner would be in a position to address the question of whether there was fraud, dishonesty or other factors which would warrant "perhaps on another day" the appointment of a Chapter 11 trustee. *Id.* at 171; *see also id.* at 173.

■■■ The bankruptcy hearing focused primarily on whether Schuster had met his burden of proof under subsection (1). His motion (and this appeal) also address subsection (2). Under subsection (2), the Bankruptcy Court clearly has more discretion. "In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers." *In re Clinton Centrifuge*, 85 B.R. at 984. In equity, "courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests.... Moreover, equitable remedies are

a special blend of what is necessary, what is fair and what is workable." *Id.* (citing *In re Hotel Assocs., Inc.*, 3 B.R. 343, 345 (Bankr.E.D.Pa.1980)); *see also In re Microwave Prods.*, 102 B.R. at 672; *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr.S.D.N.Y.1990). In determining whether a trustee should be appointed under subsection (2), courts have examined factors such as the trustworthiness of the debtor, the debtor's past and present performance and prospects for rehabilitation, the confidence of the business community in the debtor, the benefits to be derived from the appointment of a trustee and whether the trustee could accomplish the goals of a Chapter 11 plan more efficiently and effectively than the debtor in possession. *See In re Ionosphere Clubs*, 113 B.R. at 167–68; *In re Microwave Prods.*, 102 B.R. at 672.

In this regard, the burden of proof was on Schuster. The Bankruptcy Court found that burden had not been met. We find no abuse of discretion in that regard. Given the wide discretion afforded the Bankruptcy Judge, his decision should not be set aside "by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *G.M. v. New Britain Bd. of Educ.*, 173 F.3d 77, 80 (2d Cir.1999). After a careful review of the entire record on appeal, we do not have such a conviction.

Consequently the appeal is **DENIED** and the Bankruptcy's Court's ruling denying the Motion for Appointment of a Chapter 11 Trustee is **AFFIRMED**.

**SO ORDERED.**