**In re Timothy W. COLE, Margaret Cole.**

**In re C. HORSE FARM, INC., Debtor.**

**Bankruptcy No. 85–02936G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 21, 1986.

See also, 62 B.R. 674.

Gary M. Perkiss, Pozzuolo & Perkiss, P.C., Philadelphia, Pa., for debtors, Timothy W. Cole and Margaret Cole.

Desmond J. McTighe, Norristown, Pa., for movant, Margaret R. Noone.

John A. Wetzel, Wessel and Carpel, Philadelphia, Pa., for secured creditors, Joseph N. Bongiovoni, David Segal, Gerald A. Gleeson and David R. Black.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

 The issue for consideration is whether we should grant a creditor's motion for the appointment of a trustee pursuant to 11 U.S.C. § 1104 of the Bankrupcty Code ("the Code"). For the reasons set forth below, we conclude that the motion should be denied.

The facts of this case are as follows:[1] On July 17, 1985, C. Horse Farm filed a voluntary petition under chapter 7 of the Bankruptcy Code. On July 24, 1985, Timothy W. Cole and Margaret N. Cole filed a petition for reorganization under chapter 11 of the Bankruptcy Code. The estates of C. Horse Farm, Inc. and Timothy W. Cole and Margaret N. Cole were then administered jointly.

The movant, Margaret R. Noone, recently filed the instant motion for the appointment of a trustee for the Estate of Timothy and Margaret Cole. This court held a hearing on the matter on September 11, 1986, and during the hearing counsel for the movant alleged that fraud had been committed by the debtors prior to the commencement of the case.

The appointment of a trustee in a chapter 11 case is governed by the provisions of 11 U.S.C. § 1104, which states in pertinent part:

§ 1104. Appointment of trustee or examiner

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

\* \* \* \* \* \*

11 U.S.C. § 1104 (in part). The movant has the burden of proof and must overcome the strong presumption that a debtor should remain in possession before this court can grant such an extraordinary remedy. *In Re Harlow*, 34 B.R. 668, 670 (Bankr.E.D. Pa.1983) (citing *In Re F.A. Potts & Co., Inc.*, 20 B.R. 3, 4 (Bankr.E.D.Pa.1981); *In Re Hotel Associates*, 3 B.R. 343, 345 (Bankr.E.D.Pa.1980)).

In the instant case, the movant failed to meet the burden of proof required by 11 U.S.C. § 1104. Counsel for the movant offered no testimony or other corroborating evidence showing that fraud had been committed by the debtors either before or after the commencement of the case. Instead, counsel relied on his own uncorroborated statements which merely contained allegations of fraud. These statements were allegedly based on testimony arising out of a District Court case before The Honorable Donald W. VanArtsdalen involving the same parties. The District Court records were never offered into evidence, and therefore we cannot consider them. Moreover, even if the District court records were before this court we would still require the movant to prove her case through live testimony or other corroborative evidence. The District Court records involve different factual and legal issues and therefore would be irrelevant to the case at bar. Moreover, the use of the records would preclude this court from making its own credibility determinations.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

We do not suggest that the facts of this case, if adequately proven, would not be sufficient to establish the "cause" required by § 1104(a)(1). But we do suggest that not one word of *testimony*, not one court *record*, has been offered. Accordingly, having no *evidence* upon which to predicate the requested appointment, we will enter an order, without prejudice, denying the motion for the appointment of a trustee.