**In re NATIONAL STAFFING SERVICES, LLC,
Debtor.**

No. 05–74450.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 21, 2005.

See also 338 B.R. 35, 2005 WL 3729405.

32

James M. Perlman, Toledo, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Joint Motion of Great Lakes Funding and RFCBC, Inc. for the appointment of a Trustee. At the Hearing scheduled on this matter, all the Parties with an interest in this case were afforded the opportunity to present evidence and make arguments in support of their respective positions. At the conclusion of the Hearing, the matter was taken under advisement so as to afford the Court a thorough opportunity to consider the issues raised by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Joint Motion to Appoint a Trustee should be Granted.

This case was commenced under Chapter 11 of the United States Bankruptcy Code. At the time this case was commenced, § 1104 of the Bankruptcy Code provided for two alternative grounds for the appointment of a trustee: (1) under paragraph (a)(1), "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case ..."; or (2) pursuant to paragraph (a)(2), "if such appointment is in the interest of

creditors, any equity security holders, and other interests of the estate."[1] The Joint Motion of Great Lakes Funding and RFCBC relies on both these alternative grounds for the appointment of a trustee.

■ Under the general framework of Chapter 11, there exists a strong presumption that a debtor should remain in possession. *In re Cole*, 66 B.R. 75, 76 (Bankr. E.D.Pa.1986). Resultantly, it is the movant who bears the burden to establish the need for a trustee. And unlike many other matters in bankruptcy, which need only be established by a preponderance of the evidence, the need to appoint a trustee must be shown by the higher evidentiary standard of clear and convincing. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir.1989). For evidence to be "clear and convincing" it must "produce[ ] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cruzan by Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 285 n. 11, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990).

On the first ground for the appointment of a trustee, the Movants presented strong evidence, by way of expert testimony, that the principals and current management of the Debtor had engaged in dishonest business practices prior to the commencement of the case. But at the same time, a legitimate question arose at the Hearing if all the information relied upon by the Movants to prosecute their action under paragraph (a)(1) had been made timely available to opposing counsel so as to enable a thorough cross-examination. And in this way, this Court was not left with the firm impression that it had the full story before it. As a result, the Court at this time cannot say, without hesitancy, that the Movants have successfully established their burden of showing that the principals and current management of the Debtor engaged in the type of proscribed conduct under § 1104(a)(1) so as to enable this Court to appoint a trustee. The same, however, is not true with respect to the alternative ground set forth in § 1104(a)(2) for the appointment of a trustee.

■ Unlike § 1104(a)(1), which provides for the mandatory appointment of a trustee upon a specific finding of "cause," § 1104(a)(2) envisions a flexible standard. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3rd Cir.1998). It affords the bankruptcy court the discretion to appoint a trustee "when to do so would serve the parties' and estate's interests." This is necessarily an equitable approach. *In re SunCruz Casinos, LLC*, 298 B.R. 821, 829 (Bankr.S.D.Fla.2003).

■ In an early case addressing § 1104(a)(2)'s equitable approach, it was explained:

1. The full text of 11 U.S.C. § 1104(a) provides:
(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

In equity, as no where else, courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests. Moreover, equitable remedies are a special blend of what is necessary, what is fair and what is workable.

*In re Hotel Associates,* 3 B.R. 343, 345 (Bankr.E.D.Pa.1980). Essentially then, what the Court undertakes in a § 1104(a)(2) determination is a cost-benefit analysis to determine which, under general principles of equity, would be in the best interests of the creditors, equity security holders, and other interests of the estate: (1) leaving the debtor in possession; or (2) appointing a trustee. *In re SunCruz Casinos, LLC,* 298 B.R. at 829.

■ In giving form to § 1104(a)(2)'s equitable approach, three facets of this case become prominent: (1) the Debtor is not presently engaged in an operating business; (2) the Debtor's only asset of any significance is a chose-in-action, in the nature of a lawsuit; and (3) the Debtor has a relatively small amount of unsecured debt, with an attendant small class of creditors. And under this framework, it is the Debtor's admitted aim in this matter to accomplish just one primary objective: to use this bankruptcy forum to prosecute its lawsuit, and if successful, then use the proceeds of the lawsuit to formulate a plan of reorganization. To this end, the Debtor then argues that, as compared with a trustee, its principals/management are the better parties to prosecute the action, having a personal stake in the outcome of the matter.

■ However, as a strictly legal matter, the current principals/management of an entity are not necessarily the better parties to prosecute a lawsuit. A trustee is charged with maximizing the estate assets. *See* 11 U.S.C. § 704; *Texaco Inc. v. Louisiana Land & Exploration Co.,* 136 B.R. 658, 664 (M.D.La.1992) (in a Chapter 11, a trustee, as representative of the estate, is duty bound to administer the bankruptcy estate for the best interest of the general creditors, which means maximizing the value of the bankruptcy estate). Thus, to the extent that the Debtor's chose-in-action has potential merit when set against the risk to the estate, the trustee is obligated to pursue the action for the estate's benefit. But even setting this aside, the Court still perceives the existence of a couple of factual weaknesses with the Debtor's position.

As an initial matter, a trustee, being neutral and, as compared to the Debtor's principals/management, detached from any emotional aspects of the lawsuit, would be able to bring a fresh perspective to the matter. In this way, the long and litigious nature of this whole matter has not gone unnoticed. It has also not gone unnoticed that at least one of the principals/management of the Debtor is currently engaged with another entity in the Debtor's same line of business, thus raising a potential conflict in that party's motive to vigorously prosecute the Debtor's chose-in-action. At the very least, this raises the issue as to whether the goal of this case is rehabilitation or simply liquidation, with the latter being just as easily accomplished by a trustee.

Of course, these concerns must be balanced with the extra attendant costs that may be incurred by the estate if a trustee were appointed. But in this matter, this concern is minimal—with the chose-in-action constituting the Debtor's only major asset, any cost to the estate should initially be minimal, with presumably a trustee being able to make a prompt risk assessment based upon the action's likely merits. But firmly tipping the balance in favor of appointing a trustee, is this particular facet of this case: The Debtor's ability to bring

its lawsuit, whether by direct action or counterclaim, and then its chance of success thereon, is not enhanced by pursuing the matter is this forum. It follows then that the Debtor's current principals/management, by bringing this case, do not seek to confer a tangible benefit upon Debtor's estate, but rather only themselves.

 It is not, however, the function of bankruptcy law to provide an alternative forum for parties to resolve their disputes which have as their basis an existence completely independent of bankruptcy law. *In re Holli Lundahl,* 307 B.R. 233, 246–47 (Bankr.D.Utah 2003); *In re Heritage Wood 'N Lakes Estates, Inc.,* 73 B.R. 511, 514 (Bankr.M.D.Fla.1987); *In re Argus Group 1700, Inc.,* 206 B.R. 737, 756 (Bankr.E.D.Pa.1996). The function of bankruptcy law is rather confined to providing a forum to equitably dispose of the often divergent interests and aims of a debtor to its creditors. *In re Auto Parts Club, Inc.,* 224 B.R. 445, 447 (Bankr. S.D.Cal.1998) (the purpose of bankruptcy law is to equitably adjust the relationship between a debtor and its creditors). And while this may, at times, entail providing a forum to resolve nonbankruptcy law disputes,[2] this is merely a means to an end; not, as the Debtor seeks to make it, the end goal itself.

Therefore, based upon all the considerations just discussed, the Court finds that, as set forth in 11 U.S.C. § 1104(a)(2), the appointment of a trustee would be in the best interest of creditors and other interests of the estate. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, pursuant to 11 U.S.C. § 1104(a), the United States trustee shall forthwith appoint a disinterested person to act as trustee in this case.

---

**2.** 28 U.S.C. § 1334(b), providing this Court jurisdiction to hear matters "related to cases under title 11" otherwise known as a non-core, but related proceeding. 28 U.S.C. § 157(c)(1).